DECISION
Plaintiff appeals concerning certain exemption matters for the 2009-10 tax year. The real property is identified in the Complaint as Account R245247.[1]
A case management conference was held on January 8, 2010. Robert A. Hartsock appeared for Plaintiff. Karen J. Robey represented Defendant. The parties requested the court make its Decision based on written submissions. A joint statement of stipulated facts was filed February 4, 2010. Plaintiffs arguments were filed on April 6, 2010; Defendant's were filed April 8, 2010.
 I. STATEMENT OF FACTS[2]
Sweet Home Emergency Ministries (SHEM) is a not-for-profit corporation registered under the laws of Oregon.
Sweet Home Emergency Ministries has applied for and been designated as a 501(c)(3) charitable organization under the Internal Revenue Code of the United States of America. *Page 2 
Sweet Home Emergency Ministries entered into an agreement with Redden, LLC on June 30, 2009, to lease with option to purchase the property located at 1023 Main Street and the parking area owned by Redden, LLC located across the alley in Sweet Home, Oregon.
Sweet Home Emergency Ministries filed a request for property tax exemption on the two properties on June 30, 2009.
Those two properties, Tax Lot R245247 and R245528, are the subject of this case before the Tax Court.
Tax Lot R245247 is the property located at 1023 Main Street in Sweet Home and formerly known as "Hometown Drugs."
Tax Lot R245528 is a portion of the parking lot located across the alley from the back of the 1023 Main Street property and adjacent to the back wall of the building that contains the laundromat business.
A representative of the Linn County Assessor's Office drove to Sweet Home on July 1, 2009, peered through windows of the property and did not observe any tax exempt activities occurring at that time.
In a letter dated July 27, 2009, the Linn County Tax Assessor denied the request for property tax exemption on the two properties referenced above.
Sweet Home Emergency Ministries then filed the appeal which is the subject of this Tax Court case. *Page 3 
 II. ANALYSIS
Plaintiff contends that the subject property qualifies for exemption from property taxation as of July 1, 2009, because it meets the statutory requirements of ORS 307.130(2)[3] which provides that:
 "Upon compliance with ORS 307.162, the following property owned or being purchased by * * * charitable * * * institutions shall be exempt from taxation:
 "(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in * * * charitable or scientific work carried on by such institutions."
When looking at exemption statutes, the guiding principle is that taxation is the rule, and exemption from taxation is the exception. DoveLewis Mem. Emer. Vet. Clinic v. Dept. of Rev.,301 Or 423, 426, 723 P2d 320 (1986). In its analysis, the court is guided by the rule that property tax exemption statutes are strictly but reasonably construed. SW OregonPub. Def. Services v. Dept. of Rev.,312 Or 82, 88-89, 817 P2d 1292 (1991). "Strict but reasonable construction does not require the court to give the narrowest possible meaning to an exemption statute. Rather, it requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent."North Harbour Corp. v. Dept. of Rev.,16 OTR 91, 95 (2002).
Property or a portion of a property shall be exempt from taxation if it is "actually and exclusively occupied or used in the * * * charitable * * * work carried on by such institutions." ORS 307.130(2)(a). "[T]he words `exclusively occupied or used,' * * * refer to the primary purpose for which the institution was organized and includes any property of the institution used exclusively for any facility which is incidental to and reasonably necessary for the *Page 4 
accomplishment and fulfillment of the generally recognized functions of such a charitable institution." Mult. School ofBible v. Mult. Co. (Mult. School of Bible),218 Or 19, 36-37, 343 P2d 893 (1959). "It is the actual occupancy of the property which determines its right to exemption[.]"Id. at 40 (citing Hibernian Benevolent Society v. Kelly,28 Or 173, 42 P 3 (1895)).
The statute requires property to be "actually and exclusively" occupied or used. ORS 307.130(2).
It is clear that Plaintiff's activities serve a benevolent purpose. Under the facts presented, the property most likely might qualify for exemption on the merits for the 2010-11 tax year. But the focus of this appeal is the prior 2009-10 tax year. It is not enough that the lease was executed prior to July 1, 2009. The requirements are not necessarily met because a planning meeting was held in the property on that date. The key focus here is when was the property first actually utilized for its charitable purposes?
During the case management conference, the magistrate asked several questions. Plaintiff's representative Hartsock shared that the initial intended uses of the property were for a food pantry and clothes closet. He stated that the first actual utilization of the property for those purposes occurred "at the end of August."
At the request of the parties, the court is limited to the facts as stipulated and the discussion at the single case management conference. Even when viewing those facts in a manner most favorable to Plaintiff, they do not establish the actual use for a charitable purpose as of the statutory focus date. For instance, how much construction work was necessary for the conversion? When did that work start and finish? What refurbishing was done to the interior and exterior of the structure? How many labor hours were expended? Without this supplemental information, the admitted first use was some several weeks past July 1, 2009. *Page 5 
Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue,4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
Plaintiff did not occupy and actually utilize the subject property for charitable purposes as of July 1, 2009. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon September 30, 2010. The Court filed and entered this documenton September 30, 2010.
[1] Only Account R245247 was cited in the Complaint. Another account — R245528 — is mentioned in the Statement of Facts submitted by the parties. Both accounts were listed in the application for exemption and Defendant's denial letter.
[2] Joint statement filed February 4, 2010.
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.